-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES COTTRELL, 04-B-1033,

    Plaintiff,

                       **DECISION AND ORDER**
  -v-                    04-CV-0204E(Sc)

MELINDA CHISHLOM, P.O.,
MICHAEL FLOWER, P.O.,
JOY RIEXINGER, P.O.,
DETECTIVE WEISER, Town of Tonawanda, and
ERIE COUNTY HOLDING CENTER,

    Defendants.

_____

   On June 21 ,2004, the Court (Hon John T. Elfvin) granted plaintiff's

application to proceed *in forma pauperis*, denied plaintiff's motions for

appointment of counsel and directed that the complaint would be dismissed,

pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b), for failure to state a claim

unless plaintiff filed an amended complaint setting forth a cognizable claim

against the defendants.  (Docket No. 6).

   On April 11, 2005, following the filing of plaintiff's amended complaint as

directed, the Court (Hon. Michael A. Telesca) dismissed the amended complaint

against two of the then named defendants--Buffalo City Court Judge Fiorella and

the Erie County District Attorney's Office--, directed that the U.S. Marshal Service

serve the summons and amended complaint against defendants Chisholm,

Flower, Riexinger and Weiser, and that plaintiff identify through discovery the Erie County Holding Center Staff Nurse who also allegedly violated plaintiff's right to privacy, and denied plaintiff's motion for appointment of counsel as premature because issue had yet to be joined.  The Court also ordered that the amended complaint be sealed from public and electronic access pursuant to the Court's Case Management and Electronic Case Filing System.  (Docket No. 10). Summonses were issued on May 16, 2005, and the necessary documents were then forwarded to the Marshal Service for service of the summons and amended complaint upon the remaining defendants.

On June 10, 2005, prior to service of the summons and amended complaint being made on defendants, plaintiff filed another motion for appointment of counsel (Docket No. 13), and on July 29, 2005, plaintiff filed a motion requesting the Court to issue an order directing the Marshal Service to serve the summons and amended complaint on defendants as previously ordered by the Court (Docket No. 14).  For the following reasons, plaintiff's motion for appointment of counsel is again denied as premature and plaintiff's motion for an order directing the Marshal Service to serve the summons and amended complaint is granted to the extent plaintiff can provide the necessary information to enable the Marshal Service to serve the summons and amended complaint. Plaintiff, pursuant to Fed.R.Civ.P. 4(m), is granted an additional 120-days from entry of this Order to serve the summons and amended complaint on defendants.

2

## A. Appointment of Counsel

Because there is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined, plaintiff's motion for appointment of counsel (Docket No. 13) is again denied without prejudice.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

## B. Service of Summons and Amended Complaint

As noted, the Court previously granted plaintiff's application to proceed *in forma pauperis* and directed the Marshal Service to serve the summons and amended complaint on the remaining defendants.  (Docket No. 10).  Plaintiff's instant motion advises the Court that he returned the Marshal Service's Return of Service Forms (USM-285s) and summonses to the Court; the Court's docket sheet indicates that summonses were issued and forwarded to the Marshal Service for service on May 16, 2005.  There is no further indication on the docket sheet, however, as to whether or not the Marshal Service has attempted or effected service on the defendants.  The Court's Pro Se Office contacted the Marshal Service and was advised that on or about June 16, 2005, the Marshal Service mailed the summonses and amended complaints to the named defendants, pursuant to Fed.R.Civ.P. 4(e)(1) (Service Upon Individuals Within a

3

Judicial District of the United States: (1) pursuant to the law of the state in which the district court is located), and N.Y.C.P.L.R. 312-a (Personal Service by Mail), but to date only one Marshal Return of Service Form has been returned to the Marshal Service with a notation that it was undeliverable because the defendant-- Detective Weiser, whom the plaintiff identified as an officer with the Town of Tonawanda Police Department--was not at the address provided by plaintiff for service. The other three Marshal Return of Service Forms have not been returned to the Marshal Service nor have any acknowledgments of service been returned or filed with the Court. *See* N.Y.C.P.L.R. § 312-a.

While the Second Circuit Court of Appeals has held that "[t]he interests of justice, informed by a liberal interpretation of Rule 4, are best served by [incarcerated litigants] to rely on the personal service, albeit untimely, ultimately effected by the Marshal's Service," *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986), it is equally true that it is incumbent on plaintiffs to provide the Marshal Service with the information necessary to serve the summons and complaint on the defendants. *See Rivera v. Pataki*, No. 04 Civ. 1286(MBM), 2005 U.S. Dist. LEXIS 2747, at ** 55-56 (S.D.N.Y. Feb. 14, 2005). For example, plaintiff needs to, at least, provide correct names and addresses or places of employment of the defendants so that the Marshal Service can properly attempt to serve them. With at least one defendant herein, plaintiff has not done so.

4

Accordingly, plaintiff's motion for an order again directing the Marshal Service to serve the summons and amended complaint on the defendants (Docket No. 14) is granted and the plaintiff is directed to complete new summonses and Marshal Forms, which will be mailed to him by the Clerk's Office, with the information necessary to correctly identify the defendants and enable the Marshal Service to properly effect service on them. This Court also finds that there is "good cause" to extend the time in which plaintiff may serve the summons and amended complaint on the defendants an additional 120 days. Fed.R.Civ.P. 4(m); see Romandette v. Weetabix, 807 F.2d at 311 (interpreting Rule 4(j), the predecessor subdivision to Rule 4(m)). The Clerk of the Court is directed to cause the United States Marshal to re-serve the summons and amended complaint on the defendants.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:       Sept. 2      , 2005