UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES COTTRELL,

                                    Plaintiff,

                                                        **Hon. Hugh B. Scott**

                    v.                                  **04CV204A**

                                                        **Report**
                                                        **&**
                                                        **Recommendations**

ERIE COUNTY DISTRICT ATTORNEY, et al.,

                                    Defendants.

        This is the second Report & Recommendation following plaintiff's failure to appear at a

scheduled conference or to notify the Court of his correct address (cf. Docket Nos. 27 (first

Report & Recommendation recommending dismissal), 23 (minute entry), 24 (Order), 26 (minute

entry)).  Plaintiff (proceeding pro se, initially as an inmate) failed to appear at the March 11,

2008, settlement conference (Docket Nos. 35 (amended Scheduling Order), 37 (notice for

conference), 38 (minute entry)).  The Order setting this conference was sent by the Court to

plaintiff's address of record with the Court, an address on Auburn Avenue, Buffalo, New York,

as well as an address used by defense counsel to serve discovery, on Parkdale Avenue, Buffalo

(Docket No. 37; see Docket Nos. 36, 39).  Defense counsel appeared at the March 11, 2008,

conference and reported that plaintiff previously had contacted him and gave him the Parkdale

address (and a telephone number) as his current address (see Docket No. 38).  Plaintiff, however,

did not update the Clerk of Court with his current address.

The Court then scheduled another conference, termed "one, final effort" to hold a status conference for April 30, 2008, with plaintiff to write to the Court to confirm his attendance or request an adjournment by April 22, 2008 (Docket No. 39, Order at 2 (emphasis in original omitted)). Plaintiff did not confirm his appearance at the latter conference by April 22, 2008. There was no indication that either mailing address was incorrect or a return of mail sent by the Court to plaintiff at either address. Plaintiff did not appear at the April 30, 2008, conference (Docket No. 40).

DISCUSSION

I.      Local Rules and Pro se Litigants

Under this Court's Local Civil Rule 5.2, plaintiffs proceeding pro se are obliged to furnish the Court with their current address and to update the Court upon any change of address, as well as to be familiar with, and abide by, all local rules, W.D.N.Y. Loc. Civ. R. 5.2 (d), (e). Failure to comply with these rules or failure to furnish a current address "may result in the dismissal of the case with prejudice," id. R. 5.2 (d), (e) (emphasis added).

II.     Situation Presented Here

Plaintiff was expressly warned by this Court to maintain his current address with the Court or face possible dismissal of his action (Docket No. 34, Order of Oct. 25, 2007; Docket No. 37, Order of Feb. 28, 2008). The Amended Scheduling Order (Docket No. 35) also directed plaintiff to maintain an up to date address with the Court and again the Court reminded plaintiff of the sanctions available for failure to comply with a direction of the Court under Federal Rule of Civil Procedure 16(f). The notice for the March 11, 2008, conference (including an Irby notice, see Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001)) further warned

2

plaintiff that if he failed to appear or failed to contact the Court to seek a change in the schedule

for the conference, "this Court may recommend that the action be dismissed for failure to

prosecute" (Docket No. 37, Order at 2).  These warnings were repeated in the notice for the April

30, 2008, conference, with the additional requirement that plaintiff contact the Court roughly one

week before that conference either to confirm his attendance or to request an adjournment

(Docket No. 39).  Plaintiff did not appear at the April 30, 2008, conference and defense counsel

noted that he had not heard from plaintiff (Docket No. 40).

       This action, in fact, was on the verge of dismissal when plaintiff finally noted some form

of an appearance (see Docket No. 28, plaintiff letter requesting extension of time to object to

R&R; Docket No. 29, Objection to R&R) and furnished his then-current address (compare

Docket No. 33, Order of Oct. 24, 2007, adopting Docket No. 27 (R&R), with Docket No. 34,

Order of Oct. 25, 2007).

III.    Factors for Dismissal of Pro se Actions for Failure to Prosecute

       Pro se parties are granted "special leniency regarding procedural matters," LeSane v.

Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), and thus dismissal of a pro se's

action for failure to prosecute is done only "when the circumstances are sufficiently extreme,"

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); LeSane, supra, 239 F.3d at 209, because

dismissal of an action is the harshest sanction the Court can impose, United States ex rel. Drake

v. Norden Sys., Inc., 375 F.3d 248, 251 (2d Cir. 2004).  The Second Circuit has listed several

factors that must be considered before dismissal of a pro se's action for failure to prosecute.

First, the Court must consider the duration of plaintiff's failure to comply with the Court's Order;

second, whether plaintiff received notice that further delays would result in dismissal; third,

whether defendant is likely to be prejudiced by further delays; fourth, whether the Court has taken care to strike the balance between alleviating court calendar congestion and protecting plaintiff's right to due process and a fair chance to be heard; and fifth, whether the judge has adequately assessed the efficacy of lesser sanctions to dismissal, e.g., Drake, supra, 375 F.3d at 254 (quoted in Ruzsa v. Rubenstein & Sendy Attys at Law, No. 07-0089-cv, 2008 U.S. App. LEXIS 5619, at *2 (2d Cir. Mar. 17, 2008) (per curiam)); LeSane, supra, 239 F.3d at 209; Lucas, supra, 84 F.3d at 535.  No one factor is determinative and the dismissal on this basis is reviewed on the entire record, Drake, supra, 375 F.3d at 251.

IV.   Application

As for the first factor, plaintiff missed two conferences in 2008 after nearly having this action dismissed for failure to prosecute (cf. Docket Nos. 27, 33, 34).  The March 11, 2008, conference initially was scheduled on October 29, 2007 (Docket No. 35), with additional notice sent on February 28, 2008 (Docket No. 37).  Plaintiff informed the Court of one address (updated from his stated address when he filed his Complaint after he filed an objection to an earlier Report & Recommendation (see Docket Nos. 28, 29)) and defendants later served plaintiff with their initial disclosure to a second address (see Docket No. 36).  The Court's second notice for the March 11, 2008, conference was sent to both addresses (Docket No. 37).  The Court then scheduled the April 30, 2008, conference with notice sent to both addresses that the prior notice was sent to plaintiff (Docket No. 39), but plaintiff failed to appear or contact the Court about appearing when expressly instructed to do so.  This case was filed in 2004, but plaintiff has not filed discovery, cf. W.D.N.Y. Loc. Civ. R. 7.1(a), nor otherwise appeared to advance it.

On the second factor as outlined above, plaintiff was given notice of his obligations to follow this Court's rules and to inform and update the Court as to his address as well as to appear at conferences, all upon the penalty of dismissal if plaintiff did not comply.  For example, the notice for the last conference (Docket No. 39; <u>see also</u> Docket No. 37) warned plaintiff that he had to appear or seek an adjournment or the rescheduling of the conference or his case could be dismissed.  That notice also required plaintiff to confirm his attendance or request an adjournment by a date a week before that conference, but plaintiff did not respond.  To date, there is no indication that the notice was not received at either address it was sent to, and presumably plaintiff received these notices.

On the third factor, defendants have produced their initial disclosure (<u>see</u> Docket No. 36) and appeared at scheduled conferences while plaintiff was absent (<u>see</u> Docket Nos. 38, 40). Plaintiff's claim arises from his arrest in August 2003 (<u>see</u> Docket No. 1, Compl. at 5).  Delays in prosecuting this claim in 2008 will "likely to . . . prejudice[]" defendants and their ability to defend against this suit, <u>Ruzsa</u>, <u>supra</u>, 2008 U.S. App. LEXIS 5619, at *3 (quoting <u>Drake</u>, <u>supra</u>, 375 F.3d at 254).

On the fourth factor, balancing the Court's calendar and plaintiff's opportunity for his day in court, plaintiff (as described above) has been given numerous opportunities to appear and participate in his litigation but failed to do so.  While plaintiff has not congested the Court with "irrelevant or obstructionist filings," <u>LeSane</u>, <u>supra</u>, 239 F.3d at 210, plaintiff's non-appearance and apparent inaction has required the Court to take time to schedule and attempt to conduct the conferences, time that could have been spent on other matters.  Staff time also is expended to create mailings to multiple addresses and to track mailings to plaintiff to ensure that he received

notices.  Out an abundance of caution, the Court scheduled the final conference (on April 30,

2008) as a last ditch effort to determine if plaintiff intended to pursue his action.

On the fifth factor of consideration of other, lesser sanctions, the Court has considered

other sanctions or procedures, recognizing that dismissal of an action is an extreme sanction, see,

e.g., LeSane, supra, 239 F.3d at 209.  Plaintiff moved for in forma pauperis status (Docket

No. 2), which was granted (Docket No. 6).  Hence, any fine or monetary sanction for plaintiff's

noncompliance would be unavailing.  Unlike LeSane, where there was pending a motion for

summary judgment, there is no procedural default that could be imposed upon plaintiff here short

of dismissal (such as accepting the opponent's facts as true absent plaintiff's response), LeSane,

supra, 239 F.3d at 210.  Under this Court's rules, failure to update the Court with a pro se party's

current address is sufficient ground for dismissal of the action with prejudice, W.D.N.Y. Loc.

Civ. R. 5.2(d).

Although not a sanction, the Court also considered alternative procedures to avoid

dismissal here.  One possible option is appointment of counsel for plaintiff.  Plaintiff had

repeatedly moved for appointment of counsel (filed while incarcerated, Docket Nos. 4, 5, 9, 13,

19; see also Docket No. 30).  These motions for appointment of counsel were dismissed as either

being premature (since no Answer had been served (Docket Nos. 6, 10, 11, 16)) or denied

generally (Docket Nos. 21, 31).  But such an appointment now (be it upon reconsideration of an

earlier motion or by the Court sua sponte) may well be futile since the newly appointed counsel

would need to locate and contact plaintiff and obtain his cooperation if plaintiff intends to pursue

this action.  Under the Local Rules of this Court, counsel admitted to practice before the Court

must make him or herself available for appointment to represent indigent parties, but the attorney

faces an appointment no more than once per a twelve month period, W.D.N.Y. Loc. Civ. R. 83.1(g).  By appointing counsel in this circumstance would exhaust one attorney from use by the Court for appointment to represent another indigent applicant within the next twelve months, depleting the limited resource of willing counsel to accept these cases and frustrating that counsel (as the Court has been frustrated) in tracking down this plaintiff.

Absent a procedural device, monetary sanction or other procedural sanction or short of dismissal, there is no lesser sanction here that would be effective as dismissal, see Ruzsa, supra, 2008 U.S. App. LEXIS 5619 at *3-4.

Looking at the record as a whole in this case, see Drake, supra, 375 F.3d at 254, 258, plaintiff has been incarcerated and released from New York State prisons during the course of this action, without automatically informing the Court of his changes of address.  Prior to the first Report & Recommendation in this case, plaintiff did not inform the Court of his release or his new address.  Plaintiff has never appeared before the Court (see Docket Nos. 23, 26) or contacted the Court in any way except for filing an Amended Complaint (Docket No. 7; see Docket Nos. 10, 11 (ordering filing of Amended Complaint under seal)), moving for appointment of counsel (filed while incarcerated, Docket Nos. 4, 5, 9, 13, 19; see also Docket No. 30), and filing his objection to the first Report (Docket Nos. 28, 29), indicating his address is in a correctional facility.

Essentially, the action has ground to a halt while awaiting activity by plaintiff, see also Ruzsa, supra, 2008 U.S. App. LEXIS 5619, at *3.  Since this is a pro se action and under this Court's Local Rules discovery has to be filed, see W.D.N.Y. Loc. Civ. R. 7.1(a)(1), activity in this case would be noted if plaintiff filed discovery demands or defendants filed responses to

plaintiff's discovery.  No such filings have been made; the only disclosure filing was defendants'

initial disclosure under Rule 26(a) (Docket No. 36).

IV.     <u>Ruzsa</u>

  This case is similar to the recently decided case by the Second Circuit in <u>Ruzsa</u>.  There,

the United States District Court for the District of Connecticut ordered a <u>pro se</u> plaintiff to file an

Amended Complaint by March 31, 2006, but plaintiff did not respond at all.  On October 26,

2006, the Clerk of Court entered a Notice to Counsel, that (pursuant to local rule) the case would

be dismissed unless a satisfactory explanation why it should not be was given by November 26,

2006.  Plaintiff again failed to respond and the case was dismissed on December 4, 2006.  <u>Ruzsa</u>,

<u>supra</u>, 2008 U.S. App. LEXIS 5619, at *1-2.  After reviewing the five factors discussed above,

the Second Circuit affirmed dismissal of Ruzsa's case, <u>id.</u> at *2-4.

  As with <u>Ruzsa</u>, 2008 U.S. App. 5619, at *4, plaintiff here had "ample opportunity to

pursue his claim[s]" before this Court but "chose not to do so."  The Court has scheduled and

rescheduled conferences and sent notices to two addresses where plaintiff was believed to be

found without any word from plaintiff.

  As a result of plaintiff's failure to advise the Court of a change in address or to appear at

this latest scheduled conferences (or otherwise contact the Court at all about this case), it is

recommended that this action **be dismissed with prejudice** against plaintiff for failure to

prosecute and the case closed.

  As with the last Order filed in this case, a copy of this Report shall be sent to plaintiff's

last known addresses, both on Auburn and Parkdale Avenues.

CONCLUSION

For the reasons stated above, this <u>pro se</u> action should be **dismissed** for plaintiff's failure to comply with the rules of this Court and Court Orders.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d. Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988); <u>see also</u> 28 U.S.C. § 636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Civil Rule 72(a)(3).

Please also note that the District Court, on <u>de novo</u> review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not,

presented to the Magistrate Judge in the first instance.  <u>See</u> <u>Patterson-Leitch Co. Inc. v.</u>

<u>Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3),

"written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may**

**result in the District Court's refusal to consider the objection.**

So Ordered.

_____/s/ Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
May 16, 2008

10